UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RYAN LEE ESLICK, )<br>)<br>              Plaintiff, )<br>)<br>   v. )<br>)<br>DENNIS REAGLE, WILLIAM WILSON, )<br>Executive Director of Adult Facilities, JACK )<br>HENDRIX, Director of classification of Adult )<br>Facilities, MAGGIE BRYANT, Asst. Warden of )<br>Re-entry, C. ERTEL, Asst Warden of Operations, )<br>T. GREATHOUSE, Supervisor of All UTM and )<br>Case Work Managers, Mr. SHAVER, Current Unit )<br>Team Manager of G Cellhouse, Ms. AVCKOV, )<br>Previous Case Work Manager, M. PLEEGER, Lt., )<br>BOWMAN, Capt., RINEHART, Sgt., Sanitation )<br>Supervisor, Mr. GOODNIGHT, Caseworker, T. )<br>SOLOMON, Caseworker, J.C. JACKSON, Lt., J. )<br>EARNEST, Capt., and AARON SMITH, Exec. )<br>Admin. Asst., )<br>)<br>             Defendants. ) | Case No. 1:22-cv-02415-TWP-KMB |

**ORDER SCREENING COMPLAINT, DISMISSING CERTAIN CLAIMS
AND DEFENDANTS, AND DIRECTING FURTHER PROCEEDINGS**

    This matter is before the Court for screening of Plaintiff Ryan Eslick's ("Eslick") Complaint. Eslick is a prisoner currently incarcerated at the Pendleton Correctional Facility. He filed this civil action alleging that he was placed on department-wide administrative segregation for a prolonged period, denied a meaningful review of this placement, and was subjected to certain conditions of confinement, in violation of his Fourteenth and Eighth Amendment rights. (Dkt. 2.) Because Eslick is a "prisoner," this Court has an obligation to screen the Complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

### I. SCREENING STANDARD

    When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is

immune from such relief.  28 U.S.C. § 1915A(b).  To determine whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.  THE COMPLAINT

The Complaint alleges Eighth Amendment and Fourteenth Amendment claims against the following Indiana Department of Correction staff: 1) Warden Dennis Reagle ("Warden Reagle"), 2) William Wilson, 3) Jack Hendrix, 4) Maggie Bryant, 5) C. Ertel, 6) T. Greathouse, 7) Shaver, 8) Avckov, 9) M. Pleeger ("Lt. Pleeger"), 10) Bowman ("Captain Bowman"), 11) Rinehart ("Sgt. Rinehart"), 12) Goodnight, 13) T. Solomon, 14) J.C. Jackson ("Lt. Jackson"), 15) J. Earnest ("Captain Earnest"), and 16) Aaron Smith.  (Dkt. 2 at 2.)

Eslick alleges that he has been in administrative segregation since he entered the prison on January 24, 2018. *Id.* at 9.  Because of this placement, he is not permitted to receive non-restricted food items and hygiene products, has no human contact, must eat by himself, is handcuffed by a dog leash, and that his light is left on all the time. *Id.* at 8-9.

In November 2021, Avckov directed him to sign a review but did not provide any explanation about the review. *Id.* at 3.  Subsequently, Eslick asked Avckov multiple times for

thirty and ninety-day reviews and asked her about the reasoning as to why he remained in segregation. *Id.* Avckov did not provide these reviews or answer his questions. *Id.*

Eslick then wrote to T. Greathouse, Goodnight, T. Solomon, and Shaver requesting a meaningful review and a report as to why he was still in administrative segregation. *Id.* at 4. However, he did not receive a meaningful review or a report. *Id.* He also wrote to Avckov, T. Greathouse, Goodnight, and T. Solomon requesting to order non-restricted food and hygiene products, while in administrative segregation, but did not receive any relief. *Id.*

Lt. Pleeger and Captain Bowman subjected him to unsanitary living conditions by denying his requests for cleaning supplies, to sweep and mop the range, and to clear his trays. *Id.* at 5. These denials caused his cell to become infested with cockroaches. *Id.*

Warden Reagle denied him meaningful reviews and requests for hygiene and commissary products. *Id.* at 5-6. In addition, Warden Reagle, Hendrix, Wilson, Smith, Lt. Jackson, Captain Earnest, Bryant, and C. Ertel failed to require their subordinates to follow policies mandating meaningful reviews, sanitary living conditions, and access to programs. *Id.* at 6-7.

As a result of these treatments, Eslick has experienced depression and has been on multiple suicide watches due to cutting himself because of his prolonged placement in administrative segregation. *Id.* at 8-9. Eslick seeks damages and injunctive relief. *Id.* at 10.

### III.  DISCUSSION OF CLAIMS

Applying the screening standard to the factual allegations in the Complaint certain claims are dismissed while other claims shall proceed as submitted.

A. **Dismissed Claims**

Eslick's Eighth Amendment and Fourteenth Amendment claims against Hendrix, Wilson, Sgt. Rinehart, Smith, Lt. Jackson, Captain Earnest, Bryant, and C. Ertel are **dismissed**. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Instead, "[i]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017).

Here, Eslick's claims against these Defendants are dependent on their failures to properly supervise their subordinates' compliance with policies requiring meaningful review, sanitary living conditions, and access to programs. Eslick has not alleged that he notified any of these Defendants of his circumstances or that these individuals were directly responsible for providing him a meaningful review, sanitary conditions, or access to certain programs. Thus, Eslick has failed to state claims upon which relief can be granted against these Defendants.

B. **Proceeding Claims**

1. **Eighth Amendment Conditions of Confinement Claims**

Eslick's Eighth Amendment conditions of confinement claims **shall proceed** against Warden Reagle, Avckov, T. Greathouse, Goodnight, T. Solomon, Lt. Pleeger, and Captain Bowman. Although limiting an inmate's access to programs, to non-restricted food and products, and human contact does not violate the Eighth Amendment, *see Hardaway v. Meyerhoff,* 734 F.3d 740, 744 (7th Cir. 2013); *Jaros v. Ill. Dept. of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012), liberally construing the Complaint, the alleged conditions of confinement in combination state a viable claim. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 666 (7th Cir. 2012) ("[P]rolonged confinement in administrative segregation may constitute a violation of the Eighth Amendment …

4

depending on the duration and nature of the segregation and whether there was a feasible alternative to that confinement."). Thus, these claims **shall proceed**.

### 2. Fourteenth Amendment Due Process Claims

Eslick's Fourteenth Amendment due process claims **shall proceed** against Warden Reagle, Avckov, T. Greathouse, Goodnight, T. Solomon, and Shaver. State prisoners have a liberty interest under the Fourteenth Amendment Due Process Clause in avoiding indefinite or prolonged assignments to segregation units that impose "atypical and significant hardship on the inmate in relation to ordinary incidents of prison life." *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005); *Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017). To comply with due process, prison officials must periodically conduct informal and non-adversarial reviews to ensure that administrative segregation does not become a pretext for indefinite confinement. *Isby*, 856 F.3d at 525. "The [periodic] review need not be extensive, . . . [b]ut the review must be meaningful; it cannot be a sham or a pretext." *Id.* at 527. Eslick has alleged sufficient facts to assert Fourteenth Amendment due process claims. Thus, these claims **shall proceed**.

### 3. Capacity Claims

Eslick seeks to sue all Defendants in their individual and official capacities. (Dkt. 2 at 9.) Construed liberally, Eslick's Complaint seeks that he be given a meaningful review and sanitary living conditions. Because a grant of injunctive relief against all the Defendants pertaining to the prison's practices on reviews and conditions would be unnecessarily duplicative, such claim **shall proceed** against only Warden Reagle. *Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1384 (2015); *see also Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (noting that the

proper government defendant in an injunctive relief action is the official "who would be responsible for ensuring that any injunctive relief is carried out.").

## IV.   CONCLUSION

The **Clerk is directed to terminate** Jack Hendrix, Sergeant Rinehart, William Wilson, Aaron Smith, Lieutenant Jackson, Captain Earnest, Maggie Bryant, and C. Ertel as defendants on the docket.

Claims against Defendants Warden Dennis Reagle, Avckov, T. Greathouse, Goodnight, T. Solomon, Lt. M. Pleeger, Captain Bowman, and Shaver shall proceed. The **Clerk is directed** to designate on the docket that defendant Warden Reagle is being sued in his individual and official capacities.

The docket **shall reflect** that all remaining Defendants are being sued solely in their individual capacities. *See, e.g.*, *Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000) ("Where the plaintiff seeks injunctive relief from official policies or customs, the defendant has been sued in her official capacity; where the plaintiff alleges tortious conduct of an individual acting under color of state law, the defendant has been sued in her individual capacity.").

The Eighth Amendment and Fourteenth Amendment claims include all of the viable claims identified by the Court.[1] All other claims have been dismissed. If Eslick believes that additional claims were alleged in the Complaint, but not identified by the Court, he shall have **through Wednesday, May 10, 2023,** in which to identify those claims.

---

[1] Eslick alleges in his prayer for relief that he wishes to be free from retaliation. (Dkt. 2 at 10.) However, he did not plead any facts to support a retaliation claim. To state a First Amendment retaliation claim, Eslick must allege that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity; and (3) the protected activity he engaged in was at least a motivating factor for the retaliatory action. *Archer v. Chisholm*, 870 F.3d 603, 618 (7th Cir. 2017). Therefore, if Eslick is seeking to pursue such a claim, his response must contain facts alleging a retaliation claim.

## V. SERVICE OF PROCESS

The **Clerk is directed,** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to Defendants Warden Dennis Reagle, Avckov, T. Greathouse, Goodnight, T. Solomon, Lt. M. Pleeger, Captain Bowman, and Shaver in the manner specified by Rule 4(d). Process shall consist of the Complaint filed on December 16, 2022, (Dkt. 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **Clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 4/12/2023

_Tanya Walton Pratt_
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Ryan Lee Eslick, #121550
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Indiana Department of Correction:

Pendleton Correctional Facility
Warden Dennis Reagle
Avckov
T. Greathouse
Goodnight
T. Solomon
Lieutenant M. Pleeger
Captain Bowman
Shaver