UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RYAN LEE ESLICK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:22-cv-02415-TWP-KMB ) |
| DENNIS REAGLE being sued in his individual and official capacities, T. GREATHOUSE, Supervisor of all UTM & Case Work Managers, in his individual capacity, SHAVER, Mr., Current unit team manager of G Cellhouse, in his individual capacity, A. VCKOV[1], Ms., Previous Case Work Manager, in her individual capacity, M. PFLEEGER[2], Mr., Previous LT, in his individual capacity, BOWMAN, Mr., Capt. Previous Capt., in his individual capacity, GOODNIGHT, Mr., Caseworker, in his individual capacity, T. SOLOMON, Mr., Caseworker, in his individual capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER DENYING MOTIONS TO RECONSIDER SCREENING ORDER
AND TO EXTEND DEADLINES**

This matter is before the Court on the Plaintiff, Ryan Lee Eslick's ("Eslick") Motion to Reconsider Order Screening Complaint, Dismissing Certain Claims and Defendants, and Directing Further Proceedings, (Dkt. 72) and the parties' Joint Motion for Extension of Discovery and Dispositive Motions Deadlines, (Dkt. 75). For the reasons explained below, the Motion to Reconsider is **denied**, and the joint request to extend certain deadlines is **granted in part**.

---

[1] This Defendant's name is Amber Vckov (*see* Dkts. 33, 36). **The Clerk is directed** to correct this name on the docket.
[2] This Defendant's last name is spelled Pfleeger (*see id.*). **The Clerk is directed** to correct this name on the docket.

## I.     DISCUSSION

On December 16, 2022, *pro se* Plaintiff Eslick, an Indiana Department of Correction ("IDOC") inmate, initiated this action by filing a Complaint. (Dkt. 2.) After screening the Complaint as required under 28 U.S.C. § 1915A, the Court concluded that Eslick had stated viable claims under the Eighth Amendment regarding his conditions of confinement and under the Fourteenth Amendment regarding the procedures that led to his indefinite or prolonged confinement in segregation. (Dkt. 23 at 4-5.) The Court allowed individual capacity claims for damages to proceed against Defendants Reagle, Vckov, Greathouse, Goodnight, Solomon, Pfleeger, and Bowman (the "Defendants"). *Id.* at 4. The Court also allowed an official capacity claim for injunctive relief to proceed against only Reagle, the Warden of Pendleton Correctional Facility where Eslick was confined at the time the Complaint was filed. *Id.* at 5. The Court dismissed Eslick's claims against Jack Hendrix, IDOC Adult Facilities Classification Director ("Hendrix"), because he did not allege facts plausibly suggesting that Hendrix was personally involved in any of the constitutional violations at issue. *Id.* at 6. Eslick was later transferred to Westville Correctional Facility and is now at New Castle Correctional Facility, apparently still in segregation. (Dkt. 73.)

The Court's Screening Order was issued on April 12, 2023. After the non-dismissed Defendants answered and withdrew the affirmative defense of failure to exhaust administrative remedies, the Magistrate Judge issued a scheduling order for this case. The scheduling order specified that the deadline for amending pleadings was November 20, 2023. (Dkt. 40 at 3.) On December 19, 2023, the Court recruited counsel to represent Eslick in this matter. (Dkt. 54.)

During a telephonic status conference on January 29, 2024, the parties jointly moved to extend the discovery deadline in this case to July 29, 2024, and the dispositive motions deadline to August 29, 2024, which was granted. (Dkt. 59.) The parties did not otherwise move to amend

any deadlines. At the next telephonic status conference on June 3, 2024, recruited counsel indicated that he might seek leave to file an amended complaint. (Dkt. 68.)

On June 26, 2024, Eslick instead filed a motion for reconsideration of the Court's screening order. (Dkt. 72.) The motion does not contend that the Court's screening order, as based on the allegations in Eslick's original *pro se* Complaint, was erroneous. Rather, it asserts that recently discovered information, discovered during Reagle's deposition, indicates that Hendrix is, in fact, the person who personally decided to keep Eslick in IDOC-wide segregation for several years. The motion seeks an order "rejoin[ing]" Hendrix as a defendant in this action. (Dkt. 72-3.)[3] Also, Eslick seeks to dismiss his Eighth Amendment conditions of confinement claims. *Id.* The Defendants have filed notice that they do not object to Eslick's motion. (Dkt. 74.)

Eslick's Motion to reconsider cites, in part, Federal Rule of Civil Procedure 60(b)(6) as its basis: "any other reason that justifies relief" from an order. It also relies upon the Court's inherent ability to reconsider previous orders. *See, e.g., U.S. v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008). The Court acknowledges that reconsideration of screening of a prisoner's *pro se* complaint may be appropriate in some instances. *See Terry v. Spencer*, 888 F.3d 890, 893–94 (7th Cir. 2018). But here, unlike in *Terry*, Eslick does not allege that the Court "misread" the original complaint or otherwise erred in screening it.

Moreover, this case has now been pending for over a year and a half. Hendrix has not yet been served with process. He must first be served and allowed to answer before the case can proceed if he is to be added as a defendant.

Eslick's current Motion is, in substance, a motion to amend the complaint. But he has not submitted a proposed amended complaint as required by Local Rule 15-1. Additionally, the case

---

[3] Plaintiff's proposed order also refers to reinstating "John Safford" as a defendant in this action. (Dkt. 72-3.) No person by that name was mentioned in Eslick's original Complaint.

3

management deadline for amending pleadings expired many months ago. Therefore, if Eslick wishes to file a motion for leave to amend the complaint, he must first show that there is good cause to allow a deviation from the case management deadlines under Federal Rule of Civil Procedure 16(b)(4), and second that an amendment should be allowed under Rule 15(a)(2). *See Adams v. City of Indianapolis*, 742 F.3d 720, 733–34 (7th Cir. 2014). The Court will then be required to screen the amended complaint under the Prison Litigation Reform Act. By its plain terms, 28 U.S.C. § 1915A applies to any complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and is not limited to *pro se* complaints. For these reasons, the Motion to Reconsider is **denied,** however, Eslick shall have thirty days from the date of this Order, within which to file a motion for leave to file an Amended Complaint, accompanied by a proposed amended complaint.

The parties have also filed a joint motion to extend the current discovery and dispositive motions deadlines. (Dkt. 75.) The parties request a 60-day extension of the discovery and motions for summary judgment deadlines. In light of the pending addition of a new defendant, both parties agreed that a 60-day extension is necessary to litigate this case*. Id*. The parties ask the Court to extend the discovery deadlines to September 27, 2024, and motions for summary judgment deadline to October 28, 2024. This motion is **granted** so far as the Court vacates the current deadlines and the Court will extend those deadlines by 90 days.

## II.     CONCLUSION

For the reasons explained herein, the Court **DENIES** the Motion to Reconsider the screening order, Dkt. [72]. Eslick shall have until **August 15, 2024**, to file a motion for leave to

amend the complaint, accompanied by a proposed amended complaint. [4] If Plaintiff moves for leave to file an amended complaint, the Court intends to issue a prompt ruling on said motion and prompt screening of any amended complaint.

Additionally, the Court **GRANTS** the parties' Joint Motion for Extension of Discovery and Dispositive Motions Deadlines, Dkt. [75]. The current deadlines are **vacated.** In light of the Court's ruling on Dkt. 72, the discovery deadline is extended to **October 27, 2024,** and the motions for summary judgment deadline is extended to **November 28, 2024.**

**SO ORDERED.**

Date: 7/15/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:
Ryan Lee Eslick, #121550
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
New Castle, Indiana 47362

Daniel Gore
KEN NUNN LAW OFFICE
dgore@kennunn.com

Carlton Wayne Anker
LEWIS AND WILKINS LLP
anker@lewisandwilkins.com

Eric Ryan Shouse
LEWIS AND WILKINS LLP
shouse@lewisandwilkins.com

Jordan Douglas Hall
LEWIS AND WILKINS LLP
hall@lewisandwilkins.com

---

[4] The Court greatly appreciates recruited counsel's efforts on behalf of. Eslick and acknowledges that the parties have agreed to a certain course of action. Still, the Court must adhere to applicable rules and statutes in governing its docket.