UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RYAN LEE ESLICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-02415-TWP-KMB |
| | ) |
| DENNIS REAGLE being sued in his individual and official capacities, | ) |
| T. GREATHOUSE, Supervisor of all UTM and Case Work Managers, in his individual capacity, | ) |
| SHAVER, Current Unit Team Manager of GCellhouse, in his individual capacity, | ) |
| AMBER VCKOV, | ) |
| MICHAEL PFLEEGER, | ) |
| BOWMAN, Capt., Previous Capt. in his individual capacity, | ) |
| GOODNIGHT, Caseworker, in his individual capacity, | ) |
| T. SOLOMON, Caseworker, in his individual capacity, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT**
**SCREENING OF THE AMENDED COMPLAINT, AND**
**DIRECTING RECRUITED COUNSEL TO CLARIFY REPRESENTATION**

This matter is before the Court on Plaintiff Ryan Lee Eslick's ("Eslick") Motion for Leave to File Amended Complaint, (Dkt. 80). The Court originally screened Eslick's *pro se* complaint as bringing Eighth Amendment conditions of confinement claims against Defendants Dennis Reagle ("Warden Reagle"), T. Greathouse ("Greathouse"), Amber Vckov ("Vckov"), Michael Pfleeger ("Pfleeger"), Bowman ("Capt. Bowman"), Goodnight, and T. Solomon, and Fourteenth Amendment due process claims against those same Defendants, and Defendant Shaver (collectively, "Defendants"). (Dkt. 23 at 4-5.) These claims relate to Eslick's long-term and continuing placement in segregation in various Indiana Department of Correction ("IDOC")

facilities. *Id.* The Court found that the complaint did not state any claims against Jack Hendrix ("Hendrix"), among others, and terminated him as a defendant. *Id.* at 4.

A short time later, counsel was recruited for Eslick, and his recruited counsel filed a motion asking the Court to reconsider its Screening Order. (Dkt. 72.) The Court denied that motion but granted Eslick until August 15, 2024, to file a motion for leave to file an amended complaint. (Dkt. 77.) Mr. Eslick has now done so (Dkt. 80), and for the reasons explained in this Order, leave is **granted,** and the Amended Complaint is screened. The Court also requests that recruited counsel respond regarding the status of his representation.

### I. MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

As noted by the Court in its July 15, 2024, Order (Dkt. 77), the Scheduling Order for this case provided a deadline for filing amended pleadings of November 20, 2023. (Dkt. 40 at 3.) Because the current motion is filed beyond that deadline, Eslick must first show good cause for the belated filing under Federal Rule of Civil Procedure 16(b)(4), and second that an amendment should be allowed under Rule 15(a)(2). *See Adams v. City of Indianapolis*, 742 F.3d 720, 733–34 (7th Cir. 2014). "The central consideration in assessing whether good cause exists is the diligence of the party seeking to amend." *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 852–53 (7th Cir. 2022).

Eslick contends that good cause for a belated amendment exists because of information learned during Hendrix's discovery deposition in this matter, indicating his personal involvement in potential deprivations of Eslick's constitutional rights. (Dkt. 80.) The Defendants expressly did not object to Eslick's prior Motion to Reconsider the screening order, (Dkt. 74), and they have not filed an objection to the current Motion. Because Defendants have not objected, and for the reasons stated in Eslick's Motion, the Court now **grants** the Motion for leave to amend, (Dkt. 80),

2

as being made with good cause and in the interest of justice.  The **Clerk is directed** to docket the proposed amended complaint, (Dkt. 80-1), as the operative Complaint in this action.

## II.   SCREENING OF AMENDED COMPLAINT

Also as noted in the Court's July 15, 2024 Order (Dkt. 77), the Court is required to screen the Amended Complaint because Eslick is a prisoner. The screening requirement in 28 U.S.C. § 1915A applies to any complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and is not limited to *pro se* complaints.  28 U.S.C. § 1915A(a).

### A.   Screening Standard

When screening a complaint, the court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  To determine whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B.   The Amended Complaint

Eslick's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

The Amended Complaint lists as defendants: (1) Dennis Reagle, Warden of Pendleton Correctional Facility ("PCF"); (2) T. Greathouse; (3) Shaver; (4) Vckov; and (5) Pfleeger; (6) Bowman; (7) Goodnight; (8) T. Soloman; and (9) Jack Hendrix, IDOC director of classification[1]. (Dkt. 80-1 at 2.) Although not mentioned in the listing of Defendants, the Amended Complaint also makes allegations against a defendant named "Soloman"—apparently the same person identified as T. Solomon in the original complaint. The Amended Complaint is based on the following allegations:

Eslick has been housed in IDOC segregation units since January 24, 2018. *Id.* at 3. Placement in such units amounts to solitary confinement under conditions that present atypical and significant hardships as compared to prisoners in general population, and which have caused Eslick significant emotional distress. *Id.* The Defendants have not provided Eslick any meaningful opportunity to challenge his long-term placement in segregation, nor have they informed him of why he has been subjected to such placement. *Id.*

Specifically, Defendants Greathouse, Vckov, Goodnight, and Solomon are directly responsible for conducting meaningful review of inmates' placement in segregation. *Id.* at 4. Mr. Eslick asked Defendants Greathouse, Vckov, Goodnight, Solomon, and Shaver to conduct meaningful reviews of his segregation placement but received no substantive reply to those requests. *Id.* at 3. Eslick also unsuccessfully wrote to Warden Reagle asking for review of his segregation status. *Id.* at 4. Warden Reagle has the authority to implement or change the review process for PCF inmates in segregation. *Id.* Hendrix has the authority more generally to implement or change the review process for IDOC inmates in segregation. *Id.*

---

[1] The amended complaint lists Hendrix listed in its caption. Having granted leave to file the Amended Complaint, the **Clerk is directed** to list Hendrix in the caption on CM/ECF.

Eslick is seeking compensatory and punitive damages against all Defendants. *Id.* at 5. He also is seeking injunctive relief compelling Defendants to provide him with meaningful and constitutionally-required reviews of his segregation status. *Id.*

C. **Discussion of Claims**

1. **Claims that Shall Proceed**

If an inmate's placement in segregation meets the "atypical and significant hardship" standard, "the Due Process Clause mandates that prison officials periodically review whether an inmate placed in administrative segregation continues to pose a threat." *Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017) (citing *Hewitt v. Helms*, 459 U.S. 460, 477 n.9 (1983)). Although such periodic reviews need not be formal and adversarial, they must be sufficient to ensure that administrative segregation does not become a pretext for indefinite confinement. *Id.* Even if segregation is listed as being "disciplinary" in nature, an inmate may challenge such segregation under the Fourteenth Amendment in a suit under 42 U.S.C. § 1983 if the discipline results only in changes in the conditions of confinement and does not affect the length of custody. *See Hall-Bey v. Hanks*, 93 F. App'x 977, 980 (7th Cir. 2004); *see also Rexroat v. Chapman*, 2022 WL 4599212, at *2 (S.D. Ind. 2022) (citing *Muhammed v. Close*, 540 U.S. 749, 754–55 (2004)).

Under this standard, Eslick's Amended Complaint adequately states claims for damages against Defendants Reagle, Hendrix, Greathouse, Vckov, Goodnight, and Solomon in their individual capacities for violation of Eslick's Fourteenth Amendment due process rights. Such claims **shall proceed**.

To the extent Eslick is seeking injunctive relief, such claim **shall proceed only** against Hendrix in his official capacity as IDOC director of classification. Previously, the Court allowed Eslick's claim for injunctive relief to proceed only against Warden Reagle in his official capacity.

5

(Dkt. 23 at 5-6.)  It is undisputed that Eslick is now at New Castle Correctional Facility, not PCF, so Warden Reagle would no longer be an appropriate official to grant injunctive relief, as opposed to Hendrix.  *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (noting that the proper government defendant in an injunctive relief action is the official "who would be responsible for ensuring that any injunctive relief is carried out.").

### 2. **Claims that Shall Not Proceed**

"'To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.'"  *Whitfield v. Spiller*, 76 F.4th 698, 706 (7th Cir. 2023) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)).  For this purpose, each defendant is considered independently.  *Id.*  The Amended Complaint states that Eslick asked Shaver for a review of his segregation status but does not indicate that Shaver had any authority over or input in such reviews. This is insufficient to allege Shaver had any personal responsibility for Eslick's continued placement in segregation. Any claims against Shaver **shall not proceed**. Also, although Pfleeger is listed as a defendant in the Amended Complaint, it states no allegations against him. Any claims against Pfleeger **shall not proceed**.  And, although the Court originally screened through claims against Capt. Bowman, he is not mentioned at all in the Amended Complaint.  Any claims against Capt. Bowman **shall not proceed**.

Eslick's original complaint also stated conditions of confinement claims under the Eighth Amendment.  The Amended Complaint mentions the Eighth Amendment at one point but otherwise does not attempt to state any Eighth Amendment claims.  And the motion for leave to amend, and previous motion to reconsider the screening order, state that Eslick intends to abandon any such claims.  (Dkt. 80 at 2.)  Any conditions of confinement claims under the Eighth Amendment **shall not proceed**.

### III. REQUEST FOR CLARIFICATION REGARDING COUNSEL

On December 19, 2023, the Court recruited attorney Daniel Gore of the Ken Nunn Law Office to represent Eslick in this matter. (Dkt. 54.) On August 2, 2024, attorney Paul Petro of the Ken Nunn Law Office filed a Notice of Appearance on behalf of Eslick. (Dkt. 79.)[2] As stated in the Court's Order recruiting Mr. Gore, "any attorneys who want to assist recruited counsel in this action may not file a Notice of Appearance and instead MUST file a Motion to Appoint Additional Recruited Counsel along with a proposed order. Both of which can be found on the court's website http://www.insd.uscourts.gov/pro-bono-opportunities." (Dkt. 54 at 1 n.1 (emphasis in original).)

Mr. Petro is **DIRECTED, within fourteen (14) days of this Order,** to either (1) withdraw his Notice of Appearance and follow the procedures noted above, or (2) inform the Court that he has been privately retained by Eslick, in which case Mr. Gore's appointment as recruited counsel will be terminated.

### IV. CONCLUSION

Eslick's Motion for Leave to File Amended Complaint, Dkt. [80], is **GRANTED**. The **Clerk is directed** to docket the proposed Amended Complaint, Dkt. [80-1], as the operative complaint in this action. This action **shall proceed** as described above.

The **Clerk is directed** to terminate Defendants Shaver, Bowman, and Pfleeger as defendants on the docket.

Further, the **Clerk is directed** to add Jack Hendrix as a defendant on the docket and to issue process to Mr. Hendrix under Fed. R. Civ. P. 4(c)(3) in the manner specified by Rule 4(d). Process shall consist of the amended complaint, Dkt. [80-1]; applicable forms (Notice of Lawsuit

---

[2] Mr. Gore signed and filed the Motion for Leave to File Amended Complaint and the Amended Complaint.

and Request for Waiver of Service of Summons and Waiver of Service of Summons); and this Order. The **Clerk is directed** to serve Mr. Hendrix electronically.

Mr. Petro **is requested** to respond to this Order as discussed above.

Defendants Reagle, Greathouse, Vckov, Goodnight, and Solomon have already appeared and answered. (Dkt. 36.) They shall answer or otherwise respond to the Amended Complaint within the time provided by Federal Rule of Civil Procedure 15(a)(3).

**SO ORDERED.**

Date: 9/16/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Ryan Lee Eslick, #121550
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
New Castle, Indiana 47362

Daniel Gore
KEN NUNN LAW OFFICE
dgore@kennunn.com

Paul Stanton Petro
KEN NUNN LAW OFFICE
paulpetro@kennunn.com

Carlton Wayne Anker
LEWIS AND WILKINS LLP
anker@lewisandwilkins.com

Elijah B. Mollet
LEWIS AND WILKINS LLP
emollet@lewisandwilkins.com

Eric Ryan Shouse
LEWIS AND WILKINS LLP
shouse@lewisandwilkins.com

Jordan Douglas Hall
LEWIS AND WILKINS LLP
hall@lewisandwilkins.com

Electronic service to Indiana Department of Correction employee:
    Jack Hendrix at IDOC Central Office